**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **LOL FINANCE CO.** | **CASE NO.  2:25-CV-01179** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KURT WILLIAM GAYLE** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 32] filed by plaintiff LOL Finance Co. ("LOLFC"). Defendant Kurt W. Gayle opposes the motion. Doc. 42.

### I.
### BACKGROUND

This suit arises from an agricultural loan issued by LOLFC, a Minnesota corporation, in April 2024. Doc. 1, ¶¶ 6–8, 10. The loan was issued through LOLFC's "Secure by Winfield United" to Gayle, who operated a farming business near Bell City, Louisiana. *Id.*; *see* doc. 1, att. 1, pp. 1–5. Under the Master Note and Security Agreement ("Loan Agreement"), Gayle promised to repay LOLFC the principal sum of $200,000.00, plus interest at a rate of 4.99% per year, on or before the maturity date of February 1, 2025. Doc. 1, att. 1, pp. 1–5. After February 1, 2025, or upon default, the interest rate for the loan is adjusted to the prime rate reported by the *Wall Street Journal*, plus 1.00%. *Id.* Additionally, Gayle agreed that upon default the interest rate for the loan would increase by six percentage points "and the amount of such interest in excess of the interest otherwise accruing in the absence of default shall be immediately due and payable." *Id.* at 2. Finally,

Gayle promised "to pay all expenses reasonably incurred by Lender or its agents . . . including but not limited to, reasonable attorney's fees" in the event of a default. *Id.* at 3. To secure the loan Gayle granted LOLFC a security interest in various farm-related assets, which LOLFC perfected by filing a UCC Financing Statement with the Clerk of Court for Calcasieu Parish, Louisiana. Doc. 1, ¶¶ 11–12; *see* doc. 1, att. 1, p. 6.

LOLFC filed suit in this court on August 18, 2025, alleging that Gayle had defaulted by failing to repay the principal and interest due before the February 2025 maturity date. Doc. 1, ¶¶ 13–14. According to Gayle's July 2025 account statement, which was attached to the complaint, the balance on the principal was $143,565.75 and interest balance was $12,737.65. Doc. 1, att. 1, p. 7. Accordingly, LOLFC raises claims of breach of contract and recognition of security interest. Doc. 1, ¶¶ 20–25.

LOLFC now moves for summary judgment, showing by attached affidavits that the loan remains in default. Doc. 32. Accordingly, it requests that judgment be entered against Gayle for the outstanding amount of the loan plus continued accruing interest and for attorney fees and costs. Gayle opposes the motion, arguing that he also applied for a line of credit with Greenpoint AG Holdings, LLC ("Greenpoint") through the Winfield United program and that payments he made to Greenpoint should have been credited toward his loan with LOLFC. Doc. 42.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Gayle does not challenge the validity of the loan documents or provide any evidence to refute LOLFC's showing that he defaulted on his obligation by failing to repay the

principal sum and interest by February 1, 2025. Instead, he argues that the principal balance reported by LOLFC is erroneous because LOLFC failed to credit him for payments made in June, July, and December 2025 to GreenPoint. LOLFC refutes this, showing that it has no ownership in GreenPoint and that GreenPoint is not its subsidiary. Doc. 43, att. 1, ¶ 6. and further argues that the proper remedy for GreenPoint's failure to credit payments to LOLFC is a third-party demand against GreenPoint (which Gayle has now filed). Doc. 43; *see* doc. 40.

The Loan Agreement provides that payments shall be made to the Lender, i.e. LOLFC, and disbursed at the lender's discretion. Doc. 1, att. 1, p. 2. Under the plain terms of the agreement, Gayle defaulted by failing to repay the principal and accrued interest by February 1, 2025. LOLFC is therefore entitled to judgment as a matter of law on its claims and Gayle is liable for the outstanding balance, including accrued interest, as well as LOLFC's reasonable attorney fees and expenses incurred in this matter.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 32] will be **GRANTED** and judgment will be entered against defendant Gayle on LOL Finance Co.'s claims, holding Gayle liable for the outstanding amounts owed, including accruing interest, under the Loan Agreement as well as attorney fees and costs incurred by LOL Finance Co. in this matter. The court will set a deadline for LOLFC to submit a bill of costs and statement of the outstanding balance owed under the Loan Agreement.

**THUS DONE AND SIGNED** in Chambers on the 27th day of May, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**