**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **L O L FINANCE CO** | **CASE NO. 2:25-CV-01179** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KURT WILLIAM GAYLE** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 55] filed under Federal Rule of Civil Procedure 12(b)(6) by third-party defendant Greenpoint AG Holdings, LLC ("GPAH"), seeking to dismiss the third-party demand [doc. 40] filed by defendant/third-party plaintiff Kurt Gayle. Gayle opposes the motion. Doc. 58.

## I. BACKGROUND

This suit arises from an agricultural loan issued by LOL Finance Co. ("LOLFC"), a Minnesota corporation, in April 2024. Doc. 1, ¶¶ 6–8, 10. The loan was issued through LOLFC's "Secure by Winfield United" to Gayle, who operated a farming business near Bell City, Louisiana. *Id.*; *see* doc. 1, att. 1, pp. 1–5. Under the Master Note and Security Agreement ("Loan Agreement"), Gayle promised to repay LOLFC the principal sum of $200,000.00, plus interest, on or before the maturity date of February 1, 2025. Doc. 1, att. 1, pp. 1–5. To secure the loan Gayle granted LOLFC a security interest in various farm-related assets, which LOLFC perfected by filing a UCC Financing Statement with the Clerk of Court for Calcasieu Parish, Louisiana. Doc. 1, ¶¶ 11–12; *see* doc. 1, att. 1, p. 6.

LOLFC filed suit in this court on August 18, 2025, alleging that Gayle had defaulted by failing to repay the principal and interest due before the February 2025 maturity date. Doc. 1, ¶¶ 13–14. It raised claims of breach of contract and recognition of security interest. Doc. 1, ¶¶ 20–25. LOLFC then moved for summary judgment. Doc. 32. In opposing the motion, Gayle argued that he applied for a line of credit with GPAH through the Winfield United program and that payments he made to GPAH should have been credited to his loan with LOLFC. Doc. 42. The court granted LOLFC's motion, entering judgment against Gayle for the principal amount of $105,423.12 plus accrued interest from March 30, 2026, to June 15, 2026, and costs and attorney fees for a total of $126,531.49. Docs. 44, 53.

Gayle also filed a third-party demand against GPAH. Doc. 40. There he alleges that LOLFC is a subsidiary of GPAH[1] and that "[a] representative of [GPAH] advised Gayle that all payments made towards the total owed to [GPAH] would also satisfy any and all amounts owed to [LOLFC]." *Id.* at ¶¶ 16–17. He thus maintains that GPAH is legally liable for "fail[ing] to apply all payments made by Gayle towards all amounts owed to [LOLFC]." *Id.* at ¶ 20. GPAH now moves for dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6), asserting that Gayle does not demonstrate that GPAH was under any duty to apply all of his payments to the amounts owed to LOLFC or provide any contractual or legal basis for indemnification. Doc. 55. It also maintains that Gayle's request for attorney fees is unsupported by any statutory or contractual authority. *Id.* Gayle opposes the motion, asserting that GPAH account representative Brad Davis advised him that all

[1] In the summary judgment proceedings Gayle asserted, and LOLFC successfully refuted, that GPAH was a subsidiary of LOLFC. *See* doc. 42, att. 1, p. 5; doc. 44, p. 4.

payments made toward the total owed to GPAH would also satisfy the amounts owed to LOLFC. Doc. 58, p. 1. Subsequently, Gayle maintains, GPAH received two wire transfers from his account pursuant to Davis's instructions. *Id.* at 2. GPAH "then transferred the excess payment to a related company, [LOLFC], and credited the correct account." *Id.* Gayle made written demand on GPAH, which was ignored, and Davis "denied that any payments were credited to [LOLFC]," leaving Gayle to face the judgment imposed by this court for the account balance. *Id.* at 2, 3. Gayle thus maintains that Davis "either . . . lied and converted funds intended for [LOLFC] to [GPAH]" or GPAH "did not perform as it was agreed" and that "the cause of action can lie in either tort or contract." *Id.* at 3.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

As GPAH notes, Gayle's opposition attempts to introduce new factual assertions into the complaint. These include: (1) the identity of GPAH representative "Brad Davis," (2) proceedings relating to the two wire transfers, (3) the claim that written demand was made on GPAH and ignored, and (4) the characterization of his claim as one for conversion. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (internal quotations omitted). Gayle not only inserts new allegations but also a new claim of conversion. "Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend." *Miles v. Port Arthur ISD*, 772 F.Supp.3d 770, 790 (E.D. Tex. 2025) (collecting cases). GPAH, while asking the court to disregard Gayle's new allegations, provides no reason why the court should not permit amendment at this early stage. The court will therefore allow Gayle a final chance to amend his third-party demand and state both his allegations and his purported causes of action with specificity.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Dismiss [doc. 55] be **DENIED**, without prejudice to GPAH's right to re-urge these arguments based on any amended pleading and that plaintiff be given **30 days** to amend his third-party demand. Failure by plaintiff to timely amend his third-party demand will result in the court reconsidering the Motion to Dismiss [doc. 55] on the merits.

**THUS DONE AND SIGNED** in Chambers on the 1st day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**