**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **L O L FINANCE CO** | **CASE NO. 2:25-CV-01179** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KURT WILLIAM GAYLE** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a second Motion to Dismiss [doc. 64] filed under Federal Rule of Civil Procedure 12(b)(6) by third-party defendant Greenpoint AG Holdings, LLC ("GPAH"), seeking to dismiss the amended third-party demand [doc. 63] filed by defendant/third-party plaintiff Kurt Gayle. Gayle opposes the motion. Doc. 66.

## I. BACKGROUND

This suit arises from an agricultural loan issued by LOL Finance Co. ("LOLFC"), a Minnesota corporation, in April 2024. Doc. 1, ¶¶ 6–8, 10. The loan was issued through LOLFC's "Secure by Winfield United" to Gayle, who operated a farming business near Bell City, Louisiana. *Id.*; *see* doc. 1, att. 1, pp. 1–5. Under the Master Note and Security Agreement ("Loan Agreement"), Gayle promised to repay LOLFC the principal sum of $200,000.00, plus interest, on or before the maturity date of February 1, 2025. Doc. 1, att. 1, pp. 1–5. To secure the loan Gayle granted LOLFC a security interest in various farm-related assets, which LOLFC perfected by filing a UCC Financing Statement with the Clerk of Court for Calcasieu Parish, Louisiana. Doc. 1, ¶¶ 11–12; *see* doc. 1, att. 1, p. 6.

LOLFC filed suit in this court on August 18, 2025, alleging that Gayle had defaulted by failing to repay the principal and interest due before the February 2025 maturity date. Doc. 1, ¶¶ 13–14. It raised claims of breach of contract and recognition of security interest. Doc. 1, ¶¶ 20–25. LOLFC then moved for summary judgment. Doc. 32. In opposing the motion, Gayle argued that he applied for a line of credit with GPAH through the Winfield United program and that payments he made to GPAH should have been credited to his loan with LOLFC. Doc. 42. The court granted LOLFC's motion, entering judgment against Gayle for the principal amount of $105,423.12 plus accrued interest from March 30, 2026, to June 15, 2026, and costs and attorney fees for a total of $126,531.49. Docs. 44, 53.

Gayle also filed a third-party demand against GPAH. Doc. 40. There he alleged that LOLFC is a subsidiary of GPAH[1] and that "[a] representative of [GPAH] advised Gayle that all payments made towards the total owed to [GPAH] would also satisfy any and all amounts owed to [LOLFC]." *Id.* at ¶¶ 16–17. He thus maintained that GPAH was legally liable for "fail[ing] to apply all payments made by Gayle towards all amounts owed to [LOLFC]." *Id.* at ¶ 20. GPAH moved for dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6), asserting that Gayle did not demonstrate that GPAH was under any duty to apply all of his payments to the amounts owed to LOLFC or provide any contractual or legal basis for indemnification. Doc. 55. It also maintained that Gayle's request for attorney fees is unsupported by any statutory or contractual authority. *Id.* Gayle opposed the motion, based on alleged statements by GPAH account representative Brad

[1] In the summary judgment proceedings Gayle asserted, and LOLFC successfully refuted, that GPAH was a subsidiary of LOLFC. *See* doc. 42, att. 1, p. 5; doc. 44, p. 4.

Davis. Doc. 58. He asserted that Davis "either . . . lied and converted funds intended for [LOLFC] to [GPAH]" or GPAH "did not perform as it was agreed" and that "the cause of action can lie in either tort or contract." *Id.* at 3. The court agreed that Gayle's opposition made an improper attempt to insert new factual allegations and a new claim of conversion. Nevertheless, based on the general principle that a claim should not be dismissed under Rule 12(b)(6) without opportunity to amend, the court allowed Gayle one opportunity to properly plead his new allegations and cure the deficiencies identified by GPAH. Doc. 60.

Gayle has filed his amended third-party complaint [doc. 63], adding new factual allegations relating to Brad Davis. GPAH again seeks to dismiss his complaint under Rule 12(b)(6). Doc. 64. Gayle opposes the motion. Doc. 66.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club,*

*Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

Gayle's amended counterclaim states the factual allegations provided above, with additional assertions made regarding Brad Davis, but fails to clarify the legal theory he is proceeding under. Gayle alleges that Brad Davis, an account representative for GPAH, advised Gayle via telephone "that all account payments made towards the total owed to Greenpoint would also satisfy any owed to LOL Finance Co. Accordingly, Greenpoint was paid in full, and excess funds [] were transferred to LOL Finance CO." Doc. 63, ¶¶ 9–10. He further states:

> Gayle cause[d] two wire transfers to be sent to Greenpoint, in June and July. Funds were sent, once assets were liquidated. The wire transfers were credited to the Greenpoint account balance with the final payment satisfying the account and the excess transferred to LOL Finance (Secure account statement attached.)

*Id.* at ¶ 11. At the conclusion of his factual allegations, he then prays for "a fair and reasonable award of damages for all contribution, indemnity, and damages incurred for the breach of duties owed by Greenpoint" as well as "reasonable attorney's fees, all costs of these proceedings and for all general and equitable relief." *Id.* at ¶ 15. In his opposition, Gayle again contends that "the cause of action can lie in either tort or contract" and that

Brad Davis either converted funds intended for GPAH or that GPAH breached an agreement to apply funds received to an affiliated account. Doc. 66, p. 3.

The court admonishes Gayle, who is represented by counsel, for failing to properly articulate his legal theories within his complaint. As GPAH notes, the court ordered Gayle in its prior ruling to "state both his allegations and his purported causes of action with specificity." Doc. 60, p. 4. The court further advised: "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Id.* (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F.Supp.2d 504, 566 (S.D. Tex. 2011)). Gayle's amended third-party complaint does not satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short plain statement of the claim showing that the pleader is entitled to relief." Nevertheless, in an effort to bring this matter to a resolution, the court will consider the purported claims for breach of contract and conversion in addition to Gayle's briefly-asserted pleas for indemnity and attorney fees.

To the extent that Gayle asserts a contract based on Davis's alleged oral promise to apply funds sent to GPAH to the LOL Finance account, GPAH argues that the agreement fails because it was not in writing. It first cites Louisiana Civil Code article 1821, which states in relevant part:

> An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable **by the obligee** against the third person, the agreement must be in writing.

La. Civ. Code art. 1821 (emphasis added). But this article and the supporting cases are inapplicable, because Gayle's putative claim concerns his own efforts to enforce the alleged agreement. More availing is the argument that the alleged promise lacks definite terms and

a lawful cause. The terms of the alleged agreement are vague, which "undercuts the inference that [the parties] intended their mutual promises to bind them" and creates "practical difficulties of enforcing obscure, imprecise, or otherwise incomplete promises." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 627 (5th Cir. 1985). Moreover, "[a]n obligation cannot exist without a lawful cause, which is "the reason why a party obligates himself." *Aaron & Turner, LLC v. Perret*, 22 So.3d 910, 915 (La. Ct. App. 1st Cir. 2009). Gayle alleges nothing beyond Davis's unilateral promise that GPAH would apply payments made on a separate account—the Greenpoint credit line—to a debt owed to another party, LOL Finance Co. The court finds no basis to elevate this alleged agreement to an enforceable contract under Louisiana law. Thus, to the extent that Gayle argues that a breach of contract claim can be construed from his amended complaint, it must be dismissed.

As for conversion, the tort requires the intentional "derogation of the plaintiff's possessory rights." *Aymond v. State, Dep't of Revenue and Taxation*, 672 So.2d 273, 275 (La. Ct. App. 1st Cir. 1996) (internal quotations omitted). As GPAH aptly notes, Gayle admits that he made voluntary payments to GPAH pursuant to a debt owed to that company. These allegations fail to support any plausible claim of conversion.

Finally, Gayle has alleged an obligation for GPAH to indemnify him for his debt to LOL Finance Co. The court has already found that there is no enforceable agreement between GPAH and Gayle based on Davis's alleged statements. And Gayle provides no basis in contract or statute for the court to make an award of attorney fees.

A district court does not abuse its discretion in dismissing a complaint under Rule 12(b)(6) when the plaintiff has already failed to cure identified deficiencies by prior amendment. *See, e.g.*, *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 357 (5th Cir. 2014) (affirming the district court's dismissal where the plaintiff had an opportunity to cure the specified defects in his complaint and failed to do so); *Torch Liquidating Tr. ex rel. Bridge Assoc. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"). Because Gayle's amendment did not salvage his claims, the court will dismiss the matter with prejudice.

## III.
## CONCLUSION

For the reasons stated above, the second Motion to Dismiss [doc. 64] will be **GRANTED** and the Amended Third-Party Complaint [doc. 63] will be **DISMISSED WITH PREJUDICE**, resulting in the closure of this case.

**THUS DONE AND SIGNED** in Chambers on the 13th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**